Opinion of the court delivered by
Judge Peck.
In this cause Iwo questions arise; 1st. Is it a good special cause of demurrer, that the damages in an action of co- *201 Tenant are left blank in the declaration? 2d. Can the court give judgment for the damages in an action of covenant at the same term the demurrer is argued and overruled, without any inquiry of damages, by a jury?
Cheatham & Barrow, for plaintiff in error.
T. Washington, for defendant.
We are of opinion that on the first point made, the demurrer did reach the defect in the declaration.
Our statute of jeofails, (act 1809, ch. 49, sec. 21,) is no broader in terms than the British statute. The difference consists in the parties’right to amend on application. But, if a special demurrer point out the defect, and the parly will proceed without applying to amend the proceedings, he proceeds at his peril. As to demurring for matters of form, see Chitty’s plead. 639-40-1-2, &c. Also same book as to the damages 392-3-4. This point is decisive of the case, and therefore, it is not deemed important, at present, to notice the other.
The court proceeding to render such judgment as the court below ought to have given, reverse the judgment) and order judgment to be rendered in favor of the plain-tiif in error: — that he depart &c. and recover his costs <&c.
Judgment reversed'.